## Overseers of Poor of Adams Township, Plffs. in Err., *v.* Overseers of Poor of Forward Township.

In a controversy between two townships to determine to which one a

NOTE.—Under the act of June 13, 1836, settlement may be acquired in a poor district by becoming seised of a freehold estate within the district, and dwelling upon the same for one year. There must be an actual residence

*pauper was chargeable,—Held,* that evidence that when he moved into one of the townships his residence was upon land of his father-in-law, of which the latter had the possession and control, and had promised to give it for a home for the pauper, but had never done so and had otherwise disposed of it, was insufficient to establish any title or interest in the land in the pauper, or, under the circumstances, to establish his settlement in such township.

(Decided November 1, 1886.)

Argued October 19, 1886, before GORDON, TRUNKEY, STER-RETT, and GREEN, JJ. October Term, 1886, No. 170, W. D. Error to the Court of Quarter Sessions of Butler County to review a decree sustaining an appeal from an order removing a pauper. Affirmed.

The pauper Adam Drushel originally owned land and resided in Adams township, from which place he moved in 1866 to Forward township, where he resided for about fourteen years. In the spring of 1885 he was taken sick in Adams township and became a charge upon such township; whereupon, the overseers of the poor of Adams township sued out an order of removal and removed the pauper to Forward township. The overseers of the poor of Forward township appealed from this order, and their appeal was sustained, and the court ordered the overseers of Adams township to pay the poor district of Forward township the amount expended in support of the pauper, together with the costs of the proceedings. The overseers of the poor of Adams township took this writ, assigning, *inter alia,* as error the action of the court in sustaining the appeal and making such order. Further facts are set out in the opinion.

*Lev McQuistion* and *K. Marshall* for plaintiffs in error.

---

thereon for the period fixed. Montoursville v. Fairfield Twp. 112 Pa. 99, 3 Atl. 862. To live near it is not enough. Poor District v. Poor District, 20 Pa. Super. Ct. 270. The freehold estate required is not a tenancy by will (Northumberland Twp. v. Monroe Twp. 1 C. P. Rep. 149); or a permissive possession by the remainderman (Poor District v. Poor District, 17 Pa. Co. Ct. 450); or possession under a deed from one having no power to convey (Montoursville v. Fairfield Twp, 112 Pa. 99, 3 Atl. 862); or by a possession under a conditional devise, the condition not being complied with (Lewisburg v. Augusta Twp. 2 Watts & S. 65). But possession by virtue of curtesy initiate is sufficient (Rouse Estate v. Poor District, 169 Pa. 116, 32 Atl. 541); or on land purchased subject to a rent charge (Respublica v. Caernarvon Twp. 2 Yeates, 51).

*E. McJunkin* and *McJunkin & Galbreath* for defendants in error.

PER CURIAM:

We have looked over this case in vain for evidence of the freehold which the counsel for the plaintiffs in error allege Adam Drushel to have had in land in Forward township. When he moved into this township, his residence was upon land of his father-in-law, and of which he, the father-in-law, had the possession and control. It is true, Drushel says: "He was to give my wife and children some land in Forward township, and that was to be a home for me." But even had this arrangement been consummated it would not have vested a freehold in him, but at most a charge for maintenance. The fact is, however, the father-in-law, Adam Eichard, never carried out the alleged arrangement, for he willed the land to his wife, with power to dispose of it to his children as she might think proper.

It follows that Drushel never had title or interest of any kind in this property, and as it is not contended that he had otherwise a settlement in Forward township, we must conclude that the judgment of the court below was correct.

The judgment is affirmed.